NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ARMSTRONG, Individually and on Behalf of All Others Similarly Situated, : : : : Plaintiffs, : : v. : : : WEICHERT REALTORS and : WEICHERT FINANCIAL SERVICES, : : Defendants. : | Civil Action No. 05-3120 (JAG) OPINION |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion for class certification by Plaintiff William Armstrong, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Defendants Weichert Realtors and Weichert Financial Services (collectively, "Defendants"). For the reasons set forth below, Plaintiff's motion will be denied, and Defendants' motion will be granted.

**BACKGROUND**

William Armstrong alleges that he was employed as a loan officer by Weichert Realtors and Weichert Financial Services. He contends that Defendants have a policy requiring loan officers to work overtime without paying proper compensation, in violation of the FLSA. Armstrong alleges that there is a class of similarly situated loan officer employees who may wish to opt in and join this lawsuit.

**LEGAL STANDARD**

I.    **Class certification**

Class actions under the FLSA are governed by 29 U.S.C. § 216(b): "no employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). For an action to proceed as a collective action, § 216(b) sets two basic requirements: (1) class members must be "similarly situated" and (2) members must affirmatively consent to join the action.

Neither the Third Circuit nor the Supreme Court have interpreted the "similarly situated" requirement of § 216(b), but district courts in the Third Circuit have developed a two-stage test. Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511, 11-13 (D.N.J. 2006); Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000). The first stage is the notice stage. At this stage, the court determines whether notice should be given to potential class members, and the court's determination typically results in conditional certification of a representative class. Id. at 497. At the second stage, when the court has more evidence and the case is ready for trial, the court makes a final certification. Id.

Although there is no controlling authority that defines the quantum of evidence that must be presented in order for a court to grant a motion for conditional class certification, the parties agree that this issue should be determined under the "modest factual showing" standard. (Pl.'s Reply Br. 1.)

## **DISCUSSION**

I. **Plaintiff's motion for class certification**

    A. <u>Has Plaintiff made a modest factual showing that there is a class of similarly situated Plaintiffs?</u>

Plaintiff offers the one-page declaration of William Armstrong as the sole piece of evidence in support of the motion for class certification. This is insufficient to constitute a modest factual showing.

To make a meaningful decision about whether certain people are similarly situated, this Court must have, as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated. Armstrong's declaration does not provide this. Armstrong makes vague, general statements about "all Loan Officers employed by Weichert Realtors," but does not define who he is referring to and how he has knowledge of them. (Armstrong Dec. ¶ 5.) This Court cannot determine, from this declaration, whether Armstrong actually knew other particular officers who were required to perform unpaid overtime work, and what he knew specifically about their unpaid work. Conspicuously absent from the declaration is any specific statement about even one particular loan officer known to Armstrong as having been required to perform unpaid overtime work. Plaintiff thus offers no evidence that other loan officers were required to perform unpaid overtime work.

Nor does Armstrong's statement provide a basis to generalize to other Weichert offices. Armstrong's statement does not mention any loan officers outside of Plaintiff's office, no less state knowledge of them. Armstrong provides no factual foundation for his statement that all other loan officers were required to work unpaid overtime. This Court has no factual basis to

infer that there are loan officers in other offices subject to such requirements.

Lastly, Armstrong's statement provides no factual basis to support the inference that Weichert has the company policy that Plaintiff claims. Armstrong provides no factual foundation for his statement that Weichert Human Resources policies mandated that loan officers not be paid overtime. This appears to be a conclusory allegation; in the absence of any supporting factual assertions, it does not allow this Court to infer the existence of a company policy that would be expected to result in a class of similarly situated loan officers.

At best, Armstrong's declaration provides a factual basis for inferring that one loan officer – Armstrong – in one office was required to work unpaid overtime. It does not provide a basis to infer that a class of similarly situated loan officers exists.

The risk of allowing conditional certification on such minimal evidence is that it can facilitate class action abuse. In the key case on this issue, Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989), the Supreme Court observed that "class actions serve important goals but also present opportunities for abuse." Requiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions.

Plaintiff has failed to make a modest factual showing that a class of similarly situated loan officers exists. Plaintiff's motion for class certification will be denied.

B.     Additional materials

Plaintiff submitted a reply brief with two exhibits attached, alleged to be Weichert's job postings and a list of loan officers. Plaintiff contends that the list of loan officers "prove[s] that these loan officers are subject to similar policies and practices and share similar job duties." (Pl.'s Reply Br. 6.) In response, Defendants sought leave to file a rebuttal brief.

Defendants' request for leave to file a rebuttal brief will be denied because there is nothing that needs rebuttal. Plaintiff's additional submissions are meaningless. Plaintiff has submitted unidentified and unauthenticated pages. This Court cannot derive any information from them.

Moreover, Plaintiff's claims about the meaning of these exhibits are farfetched. Plaintiff contends that exhibit B provides a list of loan officers. (Pl.'s Reply Br. Ex. B.) Even if valid and authentic, the pages in exhibit B provide a list of names identified as "Gold Services Manager[s]." Plaintiff has provided no basis for this Court to conclude that these names represent loan officers. The list provides no information from which this Court could make any inferences about employment policies and practices. Nor could this Court infer how these purported policies and practices affect these employees. Thus, even if this Court were inclined to consider this new material, it would provide no additional factual support for Plaintiff's motion.

After Defendants filed a request for leave to file a rebuttal brief, Plaintiff filed an opposition brief with further new material. Submission of this brief was in violation of the federal and local civil rules, and this brief has been excluded from consideration.

## II.     Defendants' motion for summary judgment

Defendants have moved for summary judgment, pursuant to Fed. R. Civ. P. 56, as to Weichert Co., d/b/a Weichert Realtors. Defendants contend that Weichert Co. cannot have any liability under the FLSA because Weichert Co. never employed Plaintiff or any mortgage loan officers; Defendants rely on the affidavit of Sanford Epstein, Director of Human Resources for Weichert Co., as evidence of this. (Epstein Aff. ¶¶ 8, 9.) Plaintiff did not respond to Defendants' motion, and this Court infers that Plaintiff concedes that Defendants are correct.

Defendants' motion for summary judgment, as to Weichert Co., will be granted.

## **CONCLUSION**

For the reasons stated above, this Court finds that Plaintiff has not made a modest factual showing that a class of similarly situated potential plaintiffs exists.  Plaintiff's motion for class certification is denied.   Defendant's motion for leave to file a rebuttal brief is denied. Defendants' motion for summary judgment, pursuant to FED. R. CIV. P. 56, as to Weichert Co., is granted.


    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: May 19, 2006