**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————— :
:
**WILLIAM ARMSTRONG**, Individually    :
and on Behalf or All Others Similarly       :        Civil Action No.  05-cv-3120 (PGS)
Situated,                                                    :
            Plaintiff,                                        :
                                                                 :
                          V.                                   :
                                                                 :
**WEICHERT REALTORS, and**           :                   **OPINION**
**WEICHERT FINANCIAL SERVICES,**    :
            Defendants.                                   :
———————————————————— :

**SHERIDAN,  U.S.D.J.**

        This matter comes before this Court on motion for reconsideration of the Honorable Joseph

A. Greenaway, U.S.D.J.'s May 10, 2006 decision denying Plaintiff William Armstrong's ("Plaintiff

or "Armstrong") motion for conditional class certification pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b)*, and granting the motion for partial summary judgment pursuant to

Fed. R. Civ. P. 56, by Defendants Weichert Realtor and Weichert Financial Services (collectively,

"Defendants" or "Weichert").  For the reason set forth below, Plaintiff's motion is denied.

### BACKGROUND

        On June 17, 2005, Armstrong commenced this action by way of a one-count Complaint on

behalf of himself and others similarly situated.  The Complaint alleges that Defendant Weichert

misclassified loan officers in violation of FLSA § 201, *et seq.* by labeling them "exempt" despite

working them more than 40 hours per week.  Weichert answered the complaint on August 31, 2005.

On September 26, 2005, Armstrong moved for class certification pursuant to § 216(b) of the FLSA.

On October 17, 2005 Weichert opposed the motion and cross-moved for summary judgment as to Weichert Co., claiming that Weichert Co. did not employ "loan officers."

On May 10, 2006, the Honorable Joseph Greenaway, U.S.D.J. denied the motion for class certification due to Plaintiff's failure to make a "modest factual showing" of a similarly situated class. Judge Greenaway also granted Weichert's motion for partial summary judgment based on Plaintiff's failure to oppose the motion. The Order was filed on May 19, 2006. On May 24, 2006, Armstrong moved the Court to reconsider the conditional class certification and the granting of partial summary judgment. Plaintiff claims there is newly available evidence in the form of two additional opt-in forms from newly discovered Plaintiffs.

## LEGAL STANDARD

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(g). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F.Supp.2d 627, 662 (D.N.J. 2000) (citing *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F.Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that

could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F.Supp. 513 at 516; *See* Wright, Miller & Kane, <u>Fed. Practice and Procedure</u>: Civil 2d § 2810.1.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank. F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J. 1989), *appeal dismissed*, 919 F.2d 225 (3rd Cir. 1992)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

Armstrong fails to meet any of the reconsideration elements. Plaintiff claims that new information "critical to Plaintiffs' motion" has been discovered, thus mandating reconsideration. Specifically, Plaintiff claims that two additional individuals submitted "opt-in forms" to the Court in an attempt to join this litigation. This "new information" does not meet the standards set forth because it sheds no new light on the underlying questions regarding a collective action under FLSA

(i.e. whether plaintiffs are similarly situated).  At best, it evidences that there may be two other potential plaintiffs[1].

The problem with this case is that the motion to bring a collective action under FLSA was made prior to conducting any discovery.  Then, several weeks after bringing the motion, a discovery conference before Magistrate Judge Arleo occurred. Although no Order was entered, the parties agreed that discovery was stayed until the motion to bring a collective action was decided.  Now, eight months later at oral argument on this motion, Plaintiff complains he needs discovery from Defendant to prove that there are similarly situated employees.

The Court is not persuaded that there is any newly available evidence that has recently emerged, or there is any manifest injustice or clear error of law or fact in the Court's original decision.  If this evidence were of fundamental importance, Armstrong should not have risked its exclusion by prematurely moving for conditional class certification with no discovery only 26 days after receiving Defendant's answer.  *See, A.K. Stamping Co., Inc.,* 106 F. Supp. 2d 627 at 666.

Moreover, Plaintiff's took no action to compel discovery.  Evidently, in January, 2006 Defendant answered interrogatories but failed to respond to questions regarding the class. However, Plaintiff candidly admits that he failed to move for more definite or responsive answers.  In addition, Plaintiff failed to appeal Judge Arleo's order staying discovery or to make any motions during the pendency of this action that would have provided the necessary limited discovery on the class issues.

As stated in Judge Greenaway's original decision, the United States Supreme Court in *Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989), observed that "class actions serve

---

[1]    Plaintiffs established a website where an "opt-in" form was placed.  Mr. Daly's "opt-in" form was filed via CM/ECF on November 11, 2005; Ms. Schwartz's "opt-in" form was filed via CM/ECF on February 7, 2006.

important goals but also present opportunities for abuse." Each of these allegedly wronged Loan Officers can bring their own individual claims against Weichert if such a cause of action exists. To otherwise certify a class on such little evidence may allow for abuse of the class action theory.

Since Plaintiff may bring his individual claim, there is no manifest injustice shown. *Id.* This motion to reconsider is **denied.**

Plaintiff is also moving to vacate the partial summary judgment granted by Judge Greenaway which Plaintiff did not oppose. In his motion to reconsider, Plaintiff claims that pursuant to the attached copy of an unsigned October 27, 2005 letter, the parties had agreed to stay the summary judgment motion pending further discovery.

Plaintiff does not allege that he would suffer any manifest injustice if Weichert Co. were dismissed from this action. There is no explanation why further discovery would be necessary in light of the affidavits attached to Defendant's original motion for summary judgment. Defendant's reasonably presented argument to Judge Greenaway that Weichert Co. is merely a corporate entity not employing any loan officers and is not a proper party.

In closing, the Court notes that magistrate Judge Hedges recently permitted Plaintiff to amend its complaint to add a new Plaintiff.  Nothing herein prejudices the new Plaintiff from seeking reasonable discovery.  Motion for reconsideration of Plaintiff's motion for class certification is **denied**.  Motion for reconsideration of Defendant's motion for partial summary judgment is **denied**.

S/ *Peter G. Sheridan*

August 4, 2006                                    PETER G. SHERIDAN, U.S.D.J.

6